J-S77044-18

2019 PA Super 29

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN DALE WYATT, | : | |
| | : | |
| Appellee | : | No. 1832 EDA 2018 |

Appeal from the Order Entered June 20, 2018
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001764-2017

BEFORE:    OTT, J., DUBOW, J. and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:                **FILED FEBRUARY 07, 2019**

The Commonwealth of Pennsylvania appeals from the order granting Franklin Dale Wyatt's pre-trial motion for writ of *habeas corpus*.  We affirm.

We glean the following factual and procedural history from the record. Briefly, on June 3, 2015, Wyatt was driving a tractor-trailer southbound on Interstate 380 (I-380).  At approximately 10:00 a.m., Wyatt's vehicle crossed the grassy median separating the north- and southbound lanes of travel on I-380 and struck a northbound tractor-trailer and passenger bus, resulting in the deaths of three people and serious injuries to five others.

Based on the foregoing, the Commonwealth charged Wyatt with eight counts of aggravated assault by vehicle, three counts of homicide by vehicle, three counts of involuntary manslaughter, 17 counts of recklessly

---

*Retired Senior Judge assigned to the Superior Court.

endangering another person, and one count each of disregarding traffic lanes, careless driving, and reckless driving.

Wyatt filed several pre-trial motions.[1]  Relevant to this appeal, he filed a motion for writ of *habeas corpus*[2] as to all charges, except disregarding traffic lanes and careless driving, challenging the Commonwealth's *prima facie* evidence for the *mens rea* requirement of recklessness or gross negligence.  A hearing was held on April 13, 2018.  At the hearing, the Commonwealth presented the testimony of the affiant, Pennsylvania State Police Trooper Tyler Waters, along with several exhibits, to support its theory of recklessness based on distracted driving.  On June 20, 2018, the trial court issued an order and opinion which, *inter alia*, granted Wyatt's motion for writ of *habeas corpus*.  This timely-filed appeal followed.[3]

---

[1] According to Wyatt's brief, he waived his preliminary hearing with the understanding that he would be permitted to pursue a *habeas corpus* petition.  Wyatt's Brief at 9.

[2] This motion was not included in the certified record on appeal, but appears as a docket entry on March 8, 2018.  ***See Commonwealth v. Bongiorno***, 905 A.2d 998, 1000-01 (Pa. Super. 2006) ("[T]he ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts.").  However, since our review was not impeded by this failure, we need not remand for its inclusion in the certified record.

[3] In its notice of appeal, the Commonwealth certified that the June 20, 2018 order handicapped its prosecution, thus permitting appeal pursuant to Pa.R.A.P. 311(d).  Notice of Appeal, 6/22/2018, at 4 (unnumbered).  The Commonwealth complied with Pa.R.A.P. 1925(b).  In lieu of a Pa.R.A.P. 1925(a) opinion, the trial court issued a statement relying on its June 20,
*(Footnote Continued Next Page)*

On appeal, the Commonwealth presents one question for our review: whether the Commonwealth presented sufficient evidence of recklessness or gross negligence in order to sustain its *prima facie* burden at the *habeas corpus* proceeding. Commonwealth's Brief at 4. We begin with our standard of review.

"We review a decision to grant a pre-trial petition for a writ of *habeas corpus* by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth." ***Commonwealth v. Dantzler***, 135 A.3d 1109, 1111 (Pa. Super. 2016) (*en banc*) (citation omitted). Whether the Commonwealth satisfied its burden of establishing a *prima facie* case for each charged crime is a question of law, to which this Court's standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Karetny***, 880 A.2d 505, 528 (Pa. 2005).

> A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case. To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein. To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

***Dantzler***, 135 A.3d at 1112 (citations and quotations marks omitted).

*(Footnote Continued)* ────────────

2018 Opinion and Order. Statement Pursuant to Pa.R.A.P. 1925(a), 8/28/2018, at 2.

In his memorandum in support of his petition for a writ of *habeas corpus*, Wyatt contended that the Commonwealth could not establish criminal culpability and thus failed to establish the *mens rea* requirement for aggravated assault by vehicle, homicide by vehicle, involuntary manslaughter, recklessly endangering another person, and reckless driving. Supplemental Memorandum of Law in Support of Defendant's Motion to Dismiss and Motion for Writ of *Habeas Corpus*, 5/1/2018, a 12-13 (unnumbered). Because recklessness and gross negligence are equivalent states of mind for the crimes Wyatt challenged, **see Commonwealth v. Huggins**, 836 A.2d 862, 868 (Pa. 2003), we refer to the *mens rea* requirement simply as recklessness, keeping the following in mind.

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

*Id.* at 868–69 (quoting 18 Pa.C.S. § 302(b)(3)).

On appeal, the Commonwealth maintains that it presented sufficient *prima facie* evidence to establish that Wyatt acted recklessly. Commonwealth's Brief at 9. Specifically, the Commonwealth cites to the lack of other contributing causes (weather, mechanical failures) and the existence of potentially distracting circumstances (receiving text messages,

- 4 -

unrestrained dogs in the cabin) to support its contention that Wyatt was distracted, and that "such inattentiveness is, in and of itself, sufficient to demonstrate the level of recklessness sufficient to sustain the charges at a *prima facie* level." ***Id.*** at 13-15. Further, the Commonwealth avers that it "need not prove, in an affirmative way, the actual existence or cause of [Wyatt's] distracted driving (or put another way, inattentiveness) if circumstantial evidence supports such a conclusion at a *prima facie* level. The [C]ommonwealth is entitled to that inference based on the proof presented and wasn't given it." ***Id.*** at 16.

The trial court disagreed with this conclusion when it granted Wyatt's motion.

> The evidence of record would, if believed by a jury, be sufficient to demonstrate [Wyatt's] **carelessness**, however, the Commonwealth has not presented any evidence to conclude [Wyatt] was engaging in any conduct that would raise his culpability to a conscious disregard of a substantial risk so as to reach the level of reckless or grossly negligent behavior.
>
> The Commonwealth's entire case rests on its assumption that [Wyatt] was distracted while driving, although Trooper Waters clearly testified at the Omnibus Hearing that no evidence exists to prove the requisite standard that [Wyatt] was distracted. In essence, the Commonwealth argues that this fatal motor vehicle accident occurred when, for factually unexplained reasons, [Wyatt] failed to maintain his lane of travel; and that, because non-criminal causes (*i.e.*, weather, mechanical defects in the vehicles, or defects in the road) have been ruled out, [Wyatt] **must** have acted recklessly.

Trial Court Opinion and Order, 6/20/2018, at 11 (emphasis in original; citations omitted).

Our review of the record reveals that at the hearing on Wyatt's petition, the Commonwealth relied in part on the Collision and Accident Reconstruction Specialist (CARS) report, which concluded that speed, weather conditions, and mechanical defects were not contributing factors to the vehicle collision. N.T., 4/13/2018, at 25, 27-28. The report also explored a potential human element of distracted driving, noting that the cab of the truck contained food, beverages, radios, and two unrestrained dogs. The report ultimately concluded that driver distraction could not be ruled out as a contributing factor. *Id.* at 29.

The Commonwealth also presented a GPS report from a device that recorded certain periodic driving statistics from Wyatt's tractor-trailer. *Id.* at 29. Specifically, it indicated that Wyatt started the ignition on his tractor-trailer at 8:09 a.m. on the day of the collision, and recorded a travel speed of zero miles per hour at that time. *Id.* at 30. The next reading was at 9:24 a.m., which indicated a travel speed of three miles per hour. *Id.* at 30-31. At 9:39 a.m., the tractor-trailer reached a speed of 66 miles per hour, and at 9:54 a.m. was traveling at a speed of 61 miles per hour. *Id.* at 31. At 10:08 a.m., the GPS report indicated a moving speed of zero miles per hour, which is consistent with when the collision occurred. *Id.* The speed limit on I-380 ranges from 65 to 70 miles per hour, and it was determined that speed was not a contributing factor to the collision. *Id.* at 27-28.

Next, the Commonwealth introduced Wyatt's phone records. Between 9:24 a.m. and 10:08 a.m., while Wyatt was driving the tractor-trailer, he received four text messages. *Id.* at 33. Wyatt did not send any text messages until after the collision. *Id.* at 67. Inspections of all three vehicles involved in the collision revealed no defects. *Id.* at 35-36. In February 2015, the only restriction on Wyatt's commercial driver's license was corrective lenses. *Id.* at 37.

On cross-examination, Trooper Waters testified that no erratic driving on Wyatt's part was discovered, and the scene did not reveal braking or skid-marks. *Id.* at 43. Trooper Waters conceded that there was no evidence that Wyatt looked at his phone while driving, or was distracted by radios, beverages, food, or his dogs. In fact, Trooper Waters testified that there was no evidence that the phone, radios, beverages, food, dogs, or any medical conditions contributed to the collision, and that the police would not be able to develop any more evidence to support its theory of distracted driving in the future. *Id.* at 49, 53-55, 63-64. When asked about Wyatt's version of events that he had told investigators and medical responders – that he had blacked out and does not remember the collision – Trooper Waters stated that it was a possible explanation, and that if Wyatt did black out, the collision was not a crime. *Id.* at 56-57, 59.

After hearing this evidence, the trial court found that the evidence "establishes negligence, carelessness, or inattentiveness, at best. However,

neither negligence nor the mere occurrence of an accident, even a fatal accident, without more, is sufficient under the current law to establish or raise a permissible inference of recklessness sufficient to support the charges challenged by [Wyatt]." Trial Court Opinion and Order, 6/20/2018, at 12.

We agree with the trial court. The CARS report was inconclusive as to whether the human element of driver distraction contributed to the collision. The phone records established that Wyatt received four text messages while driving, and sent one text message after the collision. However, there is absolutely no evidence that Wyatt looked at the received text messages while driving or was even aware that they had been received. While the evidence revealed that Wyatt had two unrestrained Chihuahua dogs in his cabin, there was no evidence that the dogs were distracting Wyatt in any way prior to the collision. The CARS report mentioned the presence of food and beverages in the cab, but there was no evidence as to what it was, or whether Wyatt was consuming anything while driving. Finally, there was no evidence of erratic driving prior to the collision.

This collision was unquestionably tragic, and this Court is cognizant of the extreme dangers of distracted driving. However, any reason proffered by the Commonwealth for this collision, based on the evidence presented, is mere speculation. As such, the Commonwealth failed to present sufficient evidence to establish the recklessness necessary for the crimes charged.

***See Commonwealth v. Karner***, 193 A.3d 986, 993 (Pa. Super. 2018) (concluding that the Commonwealth failed to produce any evidence at preliminary hearing that Karner acted with recklessness necessary for charges of homicide by vehicle and aggravated assault by vehicle). Accordingly, we conclude that the trial court did not err in granting Wyatt's motion for writ of *habeas corpus*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/7/19