J-A18034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
WAYLYNN MARIE HOWARD,　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　　:　　　　No. 1281 WDA 2018

Appeal from the Judgment of Sentence Entered August 1, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008615-2017

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　**FILED NOVEMBER 19, 2019**

Waylynn Marie Howard ("Howard") appeals from the judgment of sentence imposed following her convictions of recklessly endangering another person ("REAP") and endangering the welfare of children ("EWOC").[1]  We affirm in part, and reverse in part.

Howard and her three-year-old daughter, while passengers in a "car for hire,"[2] were involved in a three-vehicle accident in the southbound lane of Route 28 in Allegheny County, Pennsylvania.  At the time of the accident, Howard was sitting in the front passenger seat of the vehicle, and her daughter was sitting in the passenger side of the backseat.  None of the vehicle's

_____

[1] 18 Pa.C.S.A. §§ 2705, 4804(a)(1).

[2] It is not clear from the record whether the vehicle in question was a taxi, or part of a ride-sharing service.

occupants were wearing seatbelts, and there was no car seat in the vehicle for Howard's daughter.

Following a stipulated bench trial, Howard was convicted of REAP and EWOC, based on her failure to secure her daughter in a car seat. The trial court sentenced Howard to one year of probation for the EWOC conviction, and imposed no further penalty for the REAP conviction. Howard filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Howard now raises the following issues for our review:

I. Was the evidence insufficient to establish, beyond a reasonable doubt, that [] Howard knowingly endangered the welfare of her daughter?

II. Was the evidence insufficient to establish, beyond a reasonable doubt, that [] Howard recklessly endangered her child, or that she placed or may [have] placed the child in danger of death or serious bodily injury?

Brief for Appellant at 4 (issues renumbered).

Howard's claims challenge the sufficiency of the evidence supporting her convictions.

The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be

drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted).

In her first claim, Howard asserts that there was insufficient evidence to establish that she knowingly endangered the welfare of her daughter, because she could not have been practically certain that she would expose her child to danger in a single unsecured car ride. Brief for Appellant at 17, 19. Howard argues that she observed no warning signs of reckless driving, and "surely did not enter the car thinking that an accident would occur." *Id.* at 20, 23; *see also id.* at 21 (explaining that Howard believed the driver would provide a safe ride).

The Crimes Code provides that "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age … commits [the offense of EWOC] if [s]he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. § 4304(a)(1). To support an EWOC conviction, the Commonwealth must establish that

the accused: (1) is aware of his or her duty to protect the child; (2) is aware that the child is in circumstances that threaten the child's physical or psychological welfare; and (3) has either failed to act or has taken actions so lame and meager that such actions

- 3 -

cannot reasonably be expected to protect the child's physical or psychological welfare.

*Commonwealth v. Foster*, 764 A.2d 1076, 1082 (Pa. Super. 2000); *see also Commonwealth v. Lynn*, 114 A.3d 796, 823 (Pa. 2015) (stating that "the offense involves the endangering of the physical and moral welfare of a child by an act or omission in violation of legal duty[,] even though such legal duty itself does not carry a criminal sanction." (citation and quotation marks omitted)). "The *mens rea* required for this crime is a knowing violation of a duty of care." *Commonwealth v. Chapman*, 763 A.2d 895, 900 (Pa. Super. 2000) (citation and quotation marks omitted).

Upon review, we conclude that the evidence supports Howard's EWOC conviction. The Commonwealth presented evidence that Howard placed her three-year-old daughter in the back seat of a vehicle, without any safety restraints. Although the "car for hire" did not have an appropriate child passenger restraint system, *see* 75 Pa.C.S.A. § 4581(a)(1)(i), Howard also knowingly failed to fasten her daughter's seatbelt. Notably, Howard stipulated during the bench trial that she told the responding police officer that she had feared that her daughter would fly from the back seat and hit the windshield. *See* N.T., 8/1/18, at 11. Howard was therefore aware that her failure to properly restrain her daughter could cause harm in the event of an accident. Additionally, we reject Howard's apparent assumption that, in order to satisfy the culpability requirement prescribed by 18 Pa.C.S.A. § 4304(a)(1), Howard would have had to be "practically certain" that a car accident would occur in

order to endanger her daughter's welfare. An EWOC conviction does not require that the child be in imminent threat of physical harm; rather, it "only requires proof of circumstances that **could** threaten the child's physical or psychological welfare." ***Commonwealth v. Martir***, 712 A.2d 327, 330 (Pa. Super. 1998) (emphasis added). Thus, Howard is not entitled to relief on this claim.

In her second claim, Howard argues that there was insufficient evidence to sustain her conviction of REAP. Brief for Appellant at 9. Howard admits that her failure to restrain her daughter was "not best practice," but contends that her failure was not criminal. ***Id.*** at 10. Specifically, Howard claims that being a passenger in a car does not, alone, present a substantial risk of an accident. ***Id.*** at 9-10. Howard asserts that the "routine accident" was not foreseeable, so her failure to secure her daughter in a car seat did not rise to the level of criminal recklessness. ***Id.*** at 10, 13. Additionally, Howard points out that she was not driving the vehicle,[3] and argues that the driver was not driving unsafely or recklessly. ***Id.*** at 12-13.

---

[3] As the Commonwealth acknowledges in its brief, ***see*** Commonwealth's Brief at 6, because Howard was not driving the vehicle, she could not be charged under the Motor Vehicle Code provision requiring the use of safety restraints. ***See*** 75 Pa.C.S.A. § 4581(a)(1)(i) (stating that "any person who is **operating** a passenger car … and who transports a child under four years of age anywhere in the motor vehicle … shall fasten such child securely in a child passenger restraint system…." (emphasis added)).

A person commits the crime of REAP if she "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. Section 302 of the Crimes Code, concerning culpability requirements, defines criminal recklessness as follows:

> A person acts recklessly with respect to a material element of an offense when [s]he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to [her], its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

*Id.* § 302(b)(3). Additionally, "[o]ur law defines serious bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." *Commonwealth v. Klein*, 795 A.2d 424, 427 (Pa. Super. 2002) (citation and internal quotation marks omitted).

Upon review, we conclude that the evidence does not support Howard's REAP conviction. This Court is cognizant of the dangers that could result from a parent's failure to utilize proper child passenger restraints for their children. However, while Howard's actions (or lack thereof) were, as she admits, a serious mistake in judgment, we cannot conclude that they rose to the level of criminal recklessness. *See generally Commonwealth v. Wyatt*, 203 A.3d 1115, 1119-20 (Pa. Super. 2019) (concluding that evidence was insufficient to establish criminal recklessness following automobile accident, where the Commonwealth's accident reconstruction report did not

conclusively establish that appellant was driving while distracted, and there was no other evidence of erratic driving); ***Commonwealth v. Hutchins***, 42 A.3d 302, 311 (Pa. Super. 2012) (stating that "driving under the influence of intoxicating substances does not create legal recklessness *per se* but must be accompanied with other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury which is consciously disregarded." (quoting ***Commonwealth v. Mastromatteo***, 719 A.2d 1081, 1083 (Pa. Super. 1998)). Accordingly, we reverse Howard's conviction for REAP.[4]

Judgment of sentence affirmed in part, and reversed in part.

Judge Bowes joins the memorandum.

Judge Nichols files a concurring and dissenting memorandum.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/19/2019

_____

[4] Because Howard received no additional penalty for her REAP conviction, we decline to remand this matter to the trial court for resentencing.