J-S43026-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ARTHER THOMPSON WELLS | |
| Appellee | No. 178 WDA 2020 |

Appeal from the Order Entered January 29, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0001403-2019

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:               FILED DECEMBER 22, 2020

The Commonwealth appeals from the amended order entered on January 29, 2020 in the Court of Common Pleas of Allegheny County, granting the petition for writ of habeas corpus of Appellee, Arther Thompson Wells ("Wells"), and dismissing several criminal charges stemming from a fatal motor vehicle accident. Upon review, we affirm.

A December 6, 2017 accident on State Route 28 in Allegheny County involved four vehicles and resulted in the death of Zachary Wilkoski, whose Ford Mustang was struck from behind by a tractor-trailer operated by Wells. Wells told an officer at the scene that he was looking over his left shoulder at the time of the accident, as he was attempting to merge into the left lane of the roadway. Following an investigation, Wells was charged with one count

each of homicide by vehicle, involuntary manslaughter, recklessly endangering another person, and reckless driving.[1]

At the conclusion of a February 8, 2019 preliminary hearing, the charges were held for court. Wells filed a petition for writ of habeas corpus seeking dismissal of the charges, contending the Commonwealth could not demonstrate that Wells acted with the requisite mens rea to establish a prima facie case supporting the charges. The trial court agreed and entered an order on January 29, 2020, dismissing the charges. This timely appeal followed. Both the Commonwealth and the trial court complied with Rule 1925.

The Commonwealth presents one issue for our consideration:

I.      Whether the trial court erred in finding that the Commonwealth's evidence failed to present a prima [facie] case and in granting [Wells'] petition for habeas corpus?

Commonwealth Brief at 4.

In its Rule 1925(a) opinion filed on March 9, 2020, the trial court set forth the relevant standard of appellate review for an order granting a pre-trial writ of habeas corpus, and provided a thorough summary of the evidence adduced at the preliminary and habeas corpus hearings, including findings from the investigating officer, and appropriately did so in a light most favorable to the Commonwealth. The court then reviewed the charges at

_____

[1] 75 Pa.C.S.A. § 3732(a), 18 Pa.C.S.A. §§ 2504(a) and 2705, and 75 Pa.C.S.A. § 3736, respectively. Wells was also charged with following too closely, 75 Pa.C.S.A. §§ 3310(a). However, that charge is not at issue in this appeal.

issue, noting a mens rea of recklessness or gross negligence is required to establish a prima facie case for each crime. Relying on this Court's decisions in Commonwealth v. Wyatt, 203 A.3d 1115 (Pa. Super. 2019), and Commonwealth v. Karner, 193 A.3d 986 (Pa. Super. 2018), the trial court concluded the Commonwealth presented evidence of inattentiveness, falling short of the required mens rea for the crimes charged, and, therefore, the dismissal of the charges was appropriate.[2]

Based on our review of the record and relevant case law, we find the trial court conducted an appropriate review and analysis in determining the Commonwealth failed to establish the required mens rea. Consequently, we

_____

[2] In Wyatt, we affirmed the trial court's determination that the Commonwealth established negligence, carelessness, or inattentiveness at best on the part of the driver of tractor-trailer who crossed a grassy median on I-380, struck another tractor-trailer and a passenger bus, leaving three dead and five others seriously injured. In Karner, we affirmed the trial court's conclusion that the Commonwealth established negligence, not recklessness, for a driver who was exceeding the speed limit when his Ford pickup rear-ended a sedan, spinning the car across a parking lot and into a building, injuring the driver of the sedan and killing her husband/passenger. By contrast, in Commonwealth v. Huggins, 836 A.3d 862 (Pa. 2003), the Commonwealth did establish a prima facie case when a driver fell asleep while operating a 15-passenger van that was overloaded with 21 children and three adults and, while traveling approximately 78 mph in a 55 mph zone, awoke just before rear-ending a sedan, causing the van to veer to the right and hit an embankment, flipping the van, which came to rest on its passenger side, and killing two children and injuring several other passengers. See also Commonwealth v. Bostian, 232 A.3d 898 (Pa. Super. 2020) (Commonwealth established a prima facie case, especially in terms of the mens rea requirement of recklessness, in Amtrak train derailment case).

conclude that the record supports the trial court's findings and that the inferences and legal conclusions drawn from those findings are free of error. Therefore, we affirm the January 29, 2020 order and adopt as our own, and incorporate herein by reference, the trial court's thorough and well-reasoned March 9, 2020 opinion.[3]  In the event of further proceedings, the parties shall attach a copy of the March 9, 2020 opinion to their filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/22/2020

_____

[3] Although we incorporate the trial court's opinion in its entirety, we note that this Court's decision in Commonwealth v. Sanders, 3562 EDA 2017 (Pa. Super. filed February 3, 2020), cited on page 6 of the trial court's opinion, has been withdrawn.

Circulated 11/28/2020 12:34 PM

ORIGINAL
Criminal Division
Dept. Of Court Records
Allegheny County, PA

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

THE COMMONWEALTH OF PENNSYLVANIA,

v.

ARTHER WELLS,

Defendant.

CC No. 201901403

**OPINION**

By:

The Honorable Alexander P. Bicket
Allegheny County Courthouse
533 Grant Street
Pittsburgh, PA 15219

Copies Sent To:

**Counsel for the Commonwealth:**
District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

**Counsel for Defendant:**
Michael Waltman, Esquire
Law Office of Justin J. Ketchel, LLC
1600 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219

2020 MAR -9 PM 4: 00
DEPT OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY, PA

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | |
|---|---|
| THE COMMONWEALTH OF PENNSYLVANIA, | CC No. 201901403 |
| v. | |
| ARTHER WELLS, | |
| Defendant. | |

## OPINION

**BICKET, J.**
**2020**

**March 4,**

On December 31, 2018, Arther Wells (hereinafter "Defendant") was charged with 75 Pa C.S. §3732(a), Homicide by Vehicle; 18 Pa.C.S. §§ 2501 and 2504, Involuntary Manslaughter; 18 Pa.C.S. §2705, Recklessly Endangering Another Person; 75 Pa.C.S. §3310(a), Following too Closely; and 75 Pa.C.S. §3736(a), Reckless Driving, following a fatal motor vehicle accident that occurred on December 6, 2017.

On October 10, 2019, Defendant filed a Petition for Writ of *Habeas Corpus* as to the counts of Homicide by Vehicle, Involuntary Manslaughter, Recklessly Endangering Another Person and Reckless Driving. On January 16, 2020, a hearing on Defendant's Petition for Writ of *Habeas Corpus* was held. On January 21, 2020 and by amended Order on January 28, 2020, the undersigned granted Defendant's Petition for Writ of *Habeas*

1

*Corpus* as to said counts. On February 5, 2020, the Commonwealth filed a Notice of Appeal, and on February 19, 2020, the Commonwealth filed their Concise Statement of Errors Complained of on Appeal.

## MATTERS COMPLAINED OF ON APPEAL

1.     Whether the trial court erred in finding that the Commonwealth's evidence failed to present a *prima facie* case and in granting Defendant's Petition for *Habeas Corpus*?

## DISCUSSION

The standard of appellate review with respect to the granting of a Petition for Writ of *Habeas Corpus* has been stated as follows:

> We review a decision to grant a pre-trial petition for a writ of habeas corpus by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth. Whether the Commonwealth satisfied its burden of establishing a *prima facie* case for each charged crime is a question of law, to which this Court's standard of review is *de novo* and our scope of review is plenary.
>
> A pre-trial habeas corpus motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case. To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein. To meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof.

2

Commonwealth v. Wyatt, 203 A.3d 1115, 1117 (Pa. Super. 2019)(internal citations, quotations, and indentations omitted).

Defendant's Petition for Writ of Habeas Corpus alleges that the Commonwealth failed to establish the requisite *mens rea* to demonstrate a *prima facie* case for the charges of Homicide by Vehicle, Involuntary Manslaughter, Recklessly Endangering Another Person and Reckless Driving. This Court agrees.

The evidence presented at the hearing on Defendant's Petition for Writ of *Habeas Corpus* and the preliminary hearing, taken in the light most favorable to the Commonwealth, established the following facts. Officer Edmund Sichler is an accident reconstructionist for the Pennsylvania State Police. On December 6, 2017, Officer Sichler and Officer Mearkle responded to the scene of a fatal automobile crash on southbound State Route 28 approximately one-half mile prior to the Highland Park Bridge exit. The collision occurred just shortly before 5:00 p.m. during "rush-hour". The crash involved four vehicles: a tractor trailer (unit No. 1) that Defendant was operating; a Mustang (Unit No. 2) that the victim, Zachary Wilkoski, was operating; a Mazda (Unit No. 3) that Joshua Stanisha was operating, and a Volkswagen SUV (Unit No. 4). Mr. Wilkoski ultimately died from his injuries sustained in the automobile collision. Officer Sichler performed an investigation into the collision. Through the investigation, it was determined that that Defendant was in the right-hand lane of State Route 28 traveling southbound and was attempting to merge into the left lane to try to exit off the Highland Park Bridge. Mr. Stanisha, the operator of Unit No. 3, provided

3

a witness statement in which he stated that, immediately prior to the accident, traffic came to an abrupt stop and he steered his vehicle onto the right shoulder to avoid hitting the vehicle in front of him (Unit No. 4). Mr. Stanisha said that he came to a stop nearly adjacent to Unit No. 4 when he looked in his driver's side mirror and saw Unit No. 1 (Defendant's vehicle) rear-end Unit No. 2 (Wilakowski's vehicle) which then pushed Unit No. 2 into Unit Nos. 3 and 4. After performing his investigation, Officer Sichler came to 11 conclusions. Specifically, Officer Sichler concluded as follows:

1. Unit No. 1 was traveling south on State Route 28.

2. Unit No. 2 was traveling south on State Route 28.

3. Impact occurred between Unit No. 1 and Unit No. 2 in the right-hand lane.

4. Unit No. 2 was stopped for five seconds prior to impact.

5. Unit No. 3 was stopped for five seconds prior to impact.

6. Unit No. 4 was traveling between zero miles an hour and four miles per hour five seconds prior to impact.

7. Unit No. 2 should have been visible to operator No. 1 prior to the crash.

8. Unit No. 1 speed was not a contributing factor.

9. Operator of Unit No. 1 did not make an emergency avoidance maneuver.

10. Operator of Unit No. 2 was wearing a seat belt.

11. Seat belt usage for operator of Unit No. 1 was not observed.

Additionally, through the investigation, it was determined that Defendant showed no indicators for impairment for drugs or alcohol. Officer Sichler determined that speed

4

was not a factor in the collision and calculated the speed of Defendant's vehicle to be between and 44 and 49 mph. The posted speed limited on this section of State Route 28 is 55 mph. Officer Sichler also testified that the closing threshold distance for Defendant's vehicle was 274.62 feet and that the maximum stopping distance was 265.13 feet. Defendant relayed to officers that he was looking over his left shoulder at the time of the collision so that he could merge into the left lane. Officer Sichler and Officer Mearkle testified that the traffic patterns for State Route 28 during that time of day is heavier traffic and notorious for sudden backups.

Defendant is charged with Count 1, 75 Pa C.S. §3732(a) Homicide by Vehicle, which provides, in relevant part, as follows:

> (a) Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

Count 2, 18 Pa.C.S. §2504, Involuntary Manslaughter states, in relevant part:

> (a) A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.

Count 3, 18 Pa.C.S. §2705, Recklessly Endangering another Person, provides: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct

5

which places or may place another person in danger of death or serious bodily injury." Count 5, 75 Pa.C.S. §3736(a), Reckless Driving, provides: "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

For each of the crimes listed above, a *mens rea* of recklessness or gross negligence is required. Based upon the evidence provided at the preliminary hearing and the hearing on Defendant's Petition for Writ of *Habeas Corpus*, the Commonwealth failed to establish the requisite *mens rea*. At best, the Commonwealth presented evidence of inattentiveness, which, as stated by the Superior Court, does not rise to the level of reckless or gross negligence required. See Commonwealth v. Wyatt, *supra*, 1119 ("After hearing this evidence, the trial court found that the evidence establishes negligence, carelessness, or inattentiveness, at best. However, neither negligence nor the mere occurrence of an accident, even a fatal accident, without more, is sufficient under the current law to establish or raise a permissible inference of recklessness sufficient to support the charges.")(*See also*, Commonwealth v. Karner, 193 A.3d 986, 992-93 (Pa.Super. 2018) trial court upheld after dismissing homicide-by-vehicle charges holding that as a matter of law, evidence that defendant was speeding approximately eight to twelve miles above the speed limit and hit a car making a turn off the road slower than defendant expected was insufficient to show the defendant acted with criminal recklessness or gross negligence.)(*And see*, Commonwealth v. Sanders, 2020 PA Super 20 (Feb. 3, 2020)). The Commonwealth presented no evidence that impairment,

6

speeding, distracted driving (such as use of a cell phone) or erratic driving on the part of Defendant was a factor in causing the collision. Therefore, any reason proffered by the Commonwealth as to the cause of the collision is mere speculation and the Commonwealth did not establish the required *mens rea* for the crimes charged.

## CONCLUSION

For all the above reasons, the Commonwealth's Appeal should be dismissed.

BY THE COURT:



_____ J.

7