J-A24028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LESLIE F.THOMPSON | : | No. 373 MDA 2025 |

Appeal from the Order Entered February 25, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001084-2024

BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                 **FILED NOVEMBER 10, 2025**

Appellant, the Commonwealth of Pennsylvania, appeals from the February 25, 2025 order granting the petition for writ of *habeas corpus* filed by Appellee, Leslie F. Thompson, and dismissing the Homicide by Vehicle and Involuntary Manslaughter charges against him.[1]  Because we find that the Commonwealth set forth sufficient *prima facie* evidence of Homicide by Vehicle and Involuntary Manslaughter, we reverse and remand.

The relevant facts and procedural history are as follows.  On February 29, 2024, the Commonwealth charged Appellant with Homicide by Vehicle, Involuntary Manslaughter, Careless Driving, and Failure to Follow Traffic

---

[1] The Commonwealth may take an immediate appeal from an order granting a defendant's petition for writ of *habeas corpus*, as such orders are "final, civil judgments against the Commonwealth."  **Commonwealth v. Merced**, 265 A.3d 786, 793 (Pa. Super. 2021).

Control Signals[2] arising from an event that occurred on October 18, 2022, at the intersection of River Bridge Road and East Benjamin Franklin Highway, in Douglasville, Berks County. The affidavit of probable cause in support of the charges stated, in relevant part:

> On October 18, 2022, at 1021 hours, Officer Tyler Svitak and Sergeant John Coe of the Amity Township Police Department were dispatched to the intersection of East Benjamin Franklin Highway (Route 422 eastbound) and Riverbridge Road for a report of a two[-]vehicle crash involving a sedan and a tractor trailer.
>
> Officer Svitak arrived on location and was advised by Emergency Medical Personnel that the female operator of the sedan, Victim # 1 [Justine Nicole Twardowski], was deceased. Victim # 1 was later pronounced deceased by Berks County Deputy Coroner Dylan Spang. Officer Svitak spoke with the operator of the tractor trailer, [Appellee], who stated that he was traveling eastbound on East Benjamin Franklin Highway and collided with the sedan. Officer Svitak spoke with Witness # 1.
>
> Witness # 1 told Officer Svitak that he was behind the sedan on Riverbridge Road. Witness # 1 stated that another car was in front of the sedan, and made a right turn on a red traffic signal. Witness # 1 stated that the traffic light for the sedan turned green and the sedan proceeded northbound on Riverbridge Road. Witness # 1 stated that [Appellee], failed to stop for the red traffic signal for eastbound traffic and continued into the intersection, striking the sedan.
>
> Detective Michael DiMaria of the Amity Township Police Department also responded to assist with the crash investigation. Detective DiMaria advised me that he had located video surveillance from a nearby business that showed the tractor trailer failing to stop for a red traffic light. The traffic light was red for approximately six to seven seconds prior to the tractor trailer approaching the intersection. The tractor trailer entered

---

[2] 75 Pa.C.S. § 3732, 18 Pa.C.S. § 2504(a), and 75 Pa.C.S. §§ 3714(b) and 3112(a)(3)(1), respectively.

intersection against the steady red traffic light and struck the sedan that was operated by Victim # 1.

I requested Officer Daniel Homm of the Exeter Township Police Department to respond to the scene for a motor carrier inspection. Officer Homm inspected the involved tractor trailer and found no violations that would have affected the drive ability of the tractor trailer.

On October 21, 2022, I attended an autopsy of Victim # 1 at the Tower Health Reading Hospital. The autopsy was conducted by Doctor Supriya Kuruvilla M.D. Doctor Kuruvilla ruled that Victim # 1's cause of death was massive blunt force trauma as a result of the motor vehicle crash she was involved in.

Through the course of the investigation, it was learned that [Appellee] failed to obey the steady red traffic light, and entered the intersection, striking a sedan operated by Victim # 1. The impact of the crash directly caused the death of Victim # 1.

Affidavit of Probable Cause, 2/9/24 (some paragraph breaks added).

Following Appellee's preliminary hearing, on October 4, 2024, he filed a petition for writ of *habeas corpus* seeking dismissal of the charges. On December 4, 2024, the trial court held a hearing on the motion where both parties stipulated to the facts set forth in the affidavit of probable cause and the submission of a video depicting portions of the incident. Neither party presented any testimony.

The trial court considered the evidence submitted at the hearing and additional briefing by the parties and, on February 25, 2025, found that the Commonwealth failed to meet its *prima facie* burden to establish that Appellee had the requisite *mens rea* to commit the offenses of Homicide by Vehicle or Involuntary Manslaughter. The court, thus, granted Appellee's petition and dismissed the Homicide by Vehicle and Involuntary Manslaughter charges.

This timely appeal followed. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issue on appeal:

Did the trial court err in granting Appellee's motion for a writ of *habeas corpus* as to Count 1 (Homicide by Vehicle) and Count 2 (Involuntary Manslaughter) by not evaluating the totality of the evidence presented in the light most favorable to the Commonwealth as required by law, where the Commonwealth showed that [Appellee] caused the death of another person in a grossly negligent or reckless manner while committing a violation of the Vehicle Code, an unlawful act, namely failing to stop at a red signal that had been red for roughly seven seconds causing [a] fatal car collision, which showed a conscious disregard of a substantial and unjustifiable risk that death or serious injury would occur from his conduct and decision which was a gross deviation from the standard of conduct of a reasonable person?

Commonwealth's Brief at 5.

When reviewing an order that grants *habeas corpus* relief, we face a question of law for which "our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. McClelland***, 233 A.3d 717, 732 (Pa. 2020) (citation omitted).

At the preliminary hearing stage of a criminal case, it is not necessary for the Commonwealth to prove the defendant's guilt beyond a reasonable doubt. ***Commonwealth v. Marti***, 779 A.2d 1177, 1180 (Pa. Super. 2001). Rather, its burden is merely to put forth a *prima facie* case of the defendant's guilt. ***Commonwealth v. McBride***, 595 A.2d 589, 591 (Pa. 1991). "A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case."

*Commonwealth v. Dantzler*, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en banc*). "[T]he *prima facie* showing is a low threshold for the Commonwealth to surpass." *Commonwealth v. Munson*, 261 A.3d 530, 540 (Pa. Super. 2021). A *prima facie* case exists when the Commonwealth "produce[s] evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." *Dantzler,* 135 A.3d at 1112 (citation omitted). Further, "[i]nferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case." *Commonwealth v. Huggins*, 836 A.2d 862, 866 (Pa. 2003) (citation omitted) (alteration in original).

The trial court found that the Commonwealth did not present a *prima facie* case of Appellee's guilty of Homicide by Vehicle or Involuntary Manslaughter. A person commits the offense of Homicide by Vehicle when he "recklessly or with gross negligence causes the death of another person while engaged in a violation of any law of this Commonwealth [] applying to the operation or use of a vehicle of or to the regulation of traffic [] when the violation is the cause of death." 75 Pa.C.S. § 3732(a). "A person is guilty of [I]nvoluntary [M]anslaughter when as the direct result of doing an unlawful act in a recklessly or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S. § 2504(a).

Our Supreme Court "has construed the terms 'reckless' and 'grossly negligent' as defining the equivalent state of mind[.]" **Huggins**, 836 A.2d at 868.

18 Pa.C.S § 302(b)(3) provides that "[a] person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct." 18 Pa.C.S. § 302(b)(3). The person's disregard of the risk must involve a "gross deviation from the standard of conduct that a reasonable person would observe in the [person's] situation." **Id.**

Recklessness "implicates knowledge in two ways: (1) the actor must consciously (*i.e.*, with knowledge) disregard a substantial and unjustifiable risk; and (2) the risk that the actor disregards is measured by the circumstances known to the actor." **Commonwealth v. Sanders**, 259 A.3d 524, 532 (Pa. Super. 2021) (*en banc*) (citation omitted). "Conscious disregard of a risk, in turn, involves first becoming aware of the risk and then choosing to proceed in spite of the risk." **Id.** (citations and internal quotation marks omitted).

The Commonwealth contends that the trial court erred by finding that it did not present a *prima facie* case that Appellee's conduct—in driving his tractor trailer into an occupied intersection through a steady red light that had been red for approximately seven seconds—showed a conscious disregard of the substantial and unjustified risk that Appellee would be involved in a traffic accident that caused death. Appellant's Brief at 13. In particular, the

Commonwealth asserts that the trial court erred by failing to view its evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth. *Id.* The Commonwealth argues that, had the trial court viewed the evidence in the light most favorable to the Commonwealth, it would have concluded that the evidence—that Appellee failed to stop at a steady red signal and barreled through an intersection when at least two cars had previously turned right onto the road and there was no impediment to Appellee seeing those cars, the red signal, or the victim—was sufficient to support a *prima facie* case that Appellee showed a conscious disregard that his actions would cause a traffic accident resulting in the victim's death. *Id.* at 16.

In making its determination that the Commonwealth failed to present a *prima facie* case to prove Appellee possessed the requisite *mens rea* to commit these crimes, the trial court noted the Commonwealth's lack of evidence describing, *inter alia*, the scene of the accident, Appellee's speed, and the location of the victim's vehicle, and complained that the video evidence produced by the Commonwealth did not show the collision. It then held that "there is nothing to suggest that [Appellee] callously disregarded a risk created by his own reckless driving." Trial Ct. Op., 4/10/25, at 5.

The trial court relied on the holding in *Commonwealth v. Wyatt*, 203 A.3d 1115 (Pa. Super. 2019), in which this Court agreed with the trial court that the Commonwealth failed to present sufficient evidence to establish the defendant's recklessness. In *Wyatt*, the defendant was driving a tractor-

trailer on an interstate highway when he crossed the median separating the northbound and southbound lanes of travel striking a tractor-trailer and a passenger bus and killing or injuring eight people. *Id.* at 1116. The Commonwealth charged the defendant with, *inter alia*, three counts each of Homicide by Vehicle and Involuntary Manslaughter. *Id.* at 1116-17. The defendant filed a *habeas corpus* petition seeking dismissal of those charges, arguing, as Appellee argues here, that the Commonwealth's *prima facie* evidence for the *mens rea* requirement of recklessness was insufficient. *Id.* at 1117. At a hearing on the petition, the Commonwealth introduced the affidavit of probable cause and an accident reconstruction report concluding that the accident was not attributable to the defendant's speed, weather conditions, or mechanical defects. *Id.* at 1117-19. In addition, a Commonwealth witness conceded that: (1) there was no evidence that the defendant had been driving erratically prior to the accident; (2) there was a lack of evidence to develop a theory of distracted driving; and (3) the defendant's version of events—that he had blacked out and did not remember the accident—if true, was a possible, non-criminal explanation. *Id.* at 1119. The trial court granted the defendant's petition, and we affirmed, concluding that "any reason proffered by the Commonwealth for this collision, based on the evidence presented, is mere speculation." *Id.* at 1120.

We find *Wyatt* distinguishable from the instant case and *Commonwealth v. Moyer*, 171 A.3d 849 (Pa. Super. 2017), instructive. In *Moyer*, we affirmed the defendant's conviction of Homicide by Vehicle where,

- 8 -

with a building obstructing her view of the cross-traffic, she drove at a speed of 12 MPH through a stop sign onto a busy street, and collided with another vehicle, which resulted in the death of the other driver. *Id.* at 854. We found that this evidence was sufficient to support a conviction of Homicide by Vehicle and, with respect to the *mens rea* element, that this evidence showed beyond a reasonable doubt that the defendant acted with a conscious disregard of the substantial and unjustified risk that she would be involved in a traffic accident that caused death. *Id.*

Here, unlike in **Wyatt**, the Commonwealth presented conclusive—not speculative—evidence that the traffic-control light through which Appellee travelled illegally had been red for six or seven seconds, that at least two cars had turned right into the lane of travel ahead of him, and there were no impediments to Appellee's ability to see those cars, the red signal, or the victim's vehicle. We conclude that, viewing this evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth, evidence of Appellee's failure to obey a stale red traffic signal at a busy intersection, where there were no obstructions to his visibility, is sufficient to support a *prima facie* case of Homicide by Vehicle and Involuntary Manslaughter.[3]

Order reversed. Case remanded. Jurisdiction relinquished.

---

[3] Ultimately, whether Appellee was reckless in failing to stop at the light is a question for the jury. At this stage of the case, however, the Commonwealth set forth *prima facie* evidence to proceed to trial.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/10/2025</u>